WILLIAM W. BARNHOUSE ET AL. V. VILLAGE OF
ADAMS.

FILED APRIL 7, 1896.   No. 6392.

Final Order: REVIEW.   To entitle a party to a review by this
court of the rulings of the district court, there must have
been a final judgment rendered on the merits of the
cause in the trial court.

ERROR from the district court of Gage county.
Tried below before BUSH, J.

*J. C. Johnston* and *Charles E. Bush*, for plaintiffs
in error.

*George A. Murphy, contra.*

HARRISON, J.

This action, or proceeding, was commenced in
the district court of Gage county, the object or
purpose being to have disconnected from the vil-
lage of Adams, in such county, certain pieces or
tracts of land or territory described in the peti-

tion.   The descriptions of the tracts of land and averments as to their ownership, as stated in the petition, to the extent we need notice them, were as follows:

"These applicants further aver that said Mrs. S. Disher owns the north half of the northeast quarter of said section 27, and also the northeast quarter of the northwest quarter of said section 27; that said Benjamin Harnley owns the northwest quarter of the northwest quarter of said section 27, and blocks 3 and 7 and the east half of block 2 of Harnley's Division, which is a part of the south half of the northwest quarter of said section 27; that said Jacob Hildebrand owns the southwest quarter of said section 27; that said T. J. Iden owns the south half of the southeast quarter of said section 27; that said Mrs. Bryson owns the west twenty acres of the south half of the southwest quarter of said section 26; and that said Naomi and T. D. Moseby own the west twenty acres of the north half of the southwest quarter of said section 26, also the west twenty acres of the south half of the northwest quarter of said section 26.

"These applicants further aver that said W. W. Barnhouse owns a part of the south half of the northwest quarter of said section 27 which is described as follows: Commencing at the center of the south line of the south half of the northwest quarter of section 27, in township 6, range 8 east, running thence east 18 rods, thence north 36 rods, thence west 18 rods, and thence south 36 rods, also commencing at same point and running thence north 36 rods, thence west 6 rods, thence south 36 rods, and thence east 6 rods to place of

beginning, which is also upon the border and within the corporate limits of said village of Adams, and said Barnhouse is the sole occupant thereof."

An answer was filed for the village, to which there was a reply, and of the issues joined there was a trial to the court with the following result, according to the record presented in this court:

"And now on this 3d day of March, A. D. 1893, it being the twenty-third day of the term, this cause coming on to be heard and all parties being present in open court, and after the introduction of the evidence and arguments of counsel, the court, being fully advised in the premises, finds that plaintiff Elizabeth Bryson is the owner of the west twenty acres of the south half of the southwest quarter of section 26 mentioned in the petition, and finds generally in favor of the said Bryson. The court further finds for plaintiff Benjamin Harnley, and that he is the owner of the northwest quarter of the northwest quarter of section 27 mentioned in the petition. The court finds generally in favor of the plaintiff Jacob Hildebrand, and that he is the owner of the west half of the southwest quarter of said section 27 and all of the southeast quarter of the southwest quarter of said section 27 except a strip recently sold off of the north side thereof. The court further finds for the plaintiff Thomas J. Iden, and that he is the owner of the south half of the southeast quarter of said section 27. The court further finds that all of the lands above mentioned are on the border of the village of Adams and that all of the said lands are used for farming purposes, and that it is an injury thereto and to the owners

thereof to have said lands retained within the corporate limits of said village of Adams, Nebraska, and that said lands were wrongfully taken into said corporate limits of said village of Adams, Nebraska. The court further finds, as to the balance and residue of the lands and real estate mentioned and described in said petition, for the defendant; to which latter finding plaintiffs each of them except, whereupon said plaintiffs generally and plaintiffs Disher, Naomi Moseby, and Hildebrand, each for himself and herself, having filed motions for new trial, it is ordered, considered, and adjudged by the court that said motions and each of them be and the same are hereby overruled, to which ruling said plaintiffs generally and each of the above named plaintiffs separately except.

"Whereupon it is considered, adjudged, and decreed that the west twenty acres of the south half of the southwest quarter of said section 26, in township 6 north, of range 8, and the northwest quarter of the northwest quarter of section 27, in township 6 north of range 8, and the west half of the southwest quarter of said section 27, and all that part of the southeast quarter of the southwest quarter of said section 27 not heretofore sold by Jacob Hildebrand, and all of the south half of the southeast quarter of said section 27 be, and the same are hereby, disconnected from and taken out of the corporate limits of said village of Adams and that the same from henceforth cease to be a part of the corporate limits of said village.

"And now on this 15th day of March, 1893, it being the thirty-first day of the term, this cause

coming on to be heard further, and each party is ordered to pay his own costs."

Separate motions for new trial were filed on behalf of Jacob Hildebrand, Sarah Disher, and Mrs. T. D. Moseby, and a joint one filed for all the plaintiffs, the journal entry in regard to the disposition made of them being as follows:

"And now on this 17th day of March, 1893, it being the thirty-second day of the term, this cause coming on to be heard upon the motions for new trial, and the court being duly advised in the premises overrules all of said motions, to which ruling of the court the plaintiffs except. Plaintiffs pray an appeal, which is allowed by the court, and forty days given to prepare bill of exceptions."

The complaint in the petition in error is in the following terms:

"The appellants complain of the said defendant, for that on the 1st day of March, A. D. 1893, the appellee recovered a judgment against them herein in the district court of Gage county, Nebraska, dismissing appellants' cause of action in a case wherein William W. Barnhouse *et al.* were plaintiffs, and the Village of Adams was defendant. A transcript of the proceedings containing said final judgment is filed herewith."

By referring back to the journal entry of the decree which was rendered it will be ascertained that there was no such judgment as is alleged to be erroneous. There is a final decree as to the rights of some of the parties to the action, by which the territory belonging to them was disconnected from the village, but, as to the rights of the parties who removed the case to this court,

while there was a general finding adverse to them, there is no final disposition therof, nor is the action as to them dismissed.    No final judgment having been rendered, there is nothing which this court can affirm or reverse.    The judgment for costs is not one from which appeal or error will lie.    It follows that the petition in error must be dismissed and such order is hereby made.

DISMISSED.